# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| KERK KERKHOFF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:08 CV 339 |
| WILLIAM WILSON, et al., | ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

Kerk Kerkhoff (Kerkhoff), a prisoner confined at the Westville Correctional Facility (Westville), filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Westville officials violated Kerkhoff's federally protected rights by refusing to move him to a lower security level institution when he became eligible for such a transfer. Kerkhoff asks the court to award him $1,000.00 in damages and to issue an injunction requiring defendants to give Kerkhoff an immediate transfer to a "low level [security] facility." (Compl. at p. 3.)

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Courts apply the same standard under 28 U.S.C. § 1915A as they apply "for dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . ." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

A validly-stated cause of action under 42 U.S.C. § 1983 requires two elements. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). First, a "'plaintiff must allege that some person has deprived him [or her] of a federal right.'" *Id.* (citation omitted). Second, a plaintiff "'must allege that the person who has deprived him [or her] of the right acted under color of state . . . law.'" *Id.* (citation omitted). These elements can "be put forth in a 'short and plain statement of the claim showing that the pleader is entitled to relief . . . .'" *Id.* (citation omitted). When reviewing a plaintiff's complaint "on a motion to dismiss, 'no more [is required] from [a] plaintiff['s] allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.'" *Id.* (citation omitted).

However, a plaintiff must still plead more than mere labels and conclusions, and the United States Supreme Court (Court) has stated:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be

> enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and footnote omitted).  The Court continued by stating, "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out *in detail* the facts upon which he bases his claim,' . . . Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at n.3 (internal citation omitted).  As the Court stated, "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.*  Furthermore, for the purposes of a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In the present case, Kerkhoff alleges that defendants "acting under color of the law violated [his] due process right by refusing to re-classify [him] to a lower level institution after his security level was dropped.  Defendant's [sic] Wilson's [sic] acted with deliberate indifference in failing to reclassify . . . and transfer him to an appropriate low level facility." (Compl. at p. 3.)

Kerkhoff asserts that the Fourteenth Amendment's due process clause entitled him to be transferred from the Westville Correctional Facility to a lower level Indiana Department of Correction facility when his departmental security rating was dropped

and when he became eligible for such a transfer.  However, there is no Fourteenth Amendment liberty interest implicated in the inter-institutional or intra-institutional transfer of an inmate.  *See Meachum v. Fano*, 427 U.S. 215 (1976); *Montayne v. Haymes*, 427 U.S. 236 (1976).  A criminal defendant's valid "conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him [or her] in *any* of its prisons." *Meachum*, 427 U.S. at 224.  As a result, Kerkhoff has no right to demand that the State of Indiana confine him in any specific facility or in a facility of any particular security level.  Accordingly, Kerkhoff's claim that defendants did not transfer him to a lower level security prison when he first became eligible for such a transfer does not state a claim upon which relief can be granted under the Fourteenth Amendment's due process clause.

Kerkhoff also asserts that the failure to transfer him to an appropriate low level facility violated the Eighth Amendment's prohibition against cruel and unusual punishment.  However, as the Seventh Circuit has stated, "Subject only to such restraints as the cruel and unusual punishments clause of the Eighth Amendment may place upon the severity of punishment, a state can confine a prisoner as closely as it wants, in solitary confinement if it wants; a prisoner has no natural liberty to mingle with the general prison population." *Smith v. Shettle*, 946 F.2d 1250, 1252 (7th Cir. 1991).

Kerkhoff does not allege that the conditions of his confinement at Westville constituted cruel and unusual punishment in violation of the Eighth Amendment.

Instead, Kerkhoff merely alleges that the failure to transfer him to a lower level facility violated the Eighth Amendment. Accordingly, Kerkhoff's claim fails to state an Eighth Amendment claim upon which relief can be granted.

For the foregoing reasons, the court **DISMISSES** Kerkhoff's complaint with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

                                **SO ORDERED.**

**DATED:** September 5, 2008

                                s/ James T. Moody
                                JUDGE JAMES T. MOODY
                                UNITED STATES DISTRICT COURT